IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS COLUNGA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:06-cv-01151 |
| | § | |
| SONIC AUTOMOTIVE - 3401 MAIN, | § | JURY |
| TX, L.P., dba RON CRAFT | § | |
| CHEVROLET-CADILLAC- | § | |
| OLDSMOBILE, | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Thomas Colunga, Plaintiff herein, and files this his Opposition to

Defendant's Motion to Dismiss, and in support thereof would show the following:

**Table of Contents**

*Page*

Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B.    Statement of Issues and Applicable Standard of Review . . . . . . . . . . . . . . . . . . 4

C.    Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

D.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      1.    Rule 12(b)(6): Plaintiff has properly alleged claims under
          TILA and the Texas Finance Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          a.    Legal basis for dismissal under Rule 12(b)(6) . . . . . . . . . . . . . . . . 6

          b.    Colunga has properly alleged violations of TILA . . . . . . . . . . . . . . 8

c.    Colunga has properly pleaded violations of the Texas
Finance Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

2.    Sonic is not entitled to a more definite statement under Rule 12(e) . . . . . 15

E.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**Table of Citations**

*Page*

*Cases*

*Alston v. Crown Auto, Inc.*,
224 F.3d 332 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 14

*Beanal v. Freeport-McMoran, Inc.*,
197 F.3d 161, 164 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Conley v. Gibson*,
355 U.S. 41, 78 S.Ct. 99 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*General Electric Capital Corporation v. Posey*,
415 F.3d 391 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hermann Holdings Ltd. v. Lucent Technologies*,
302 F.3d 552 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Home & Nature Inc. v. Sherman Specialty Company, Inc.*,
322 F.Supp.2d 260 (E.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 15

*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*,
677 F.2d 1045 (5th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Layell v. Home Loan and Investment Bank*,
244 B.R. 345 (E.D. Va. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lifanda v. Elmhurst Dodge, Inc.*,
237 F.3d 803 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

*Mitchell v. E-Z Way Towers, Inc.*,
269 F.2d 126 (5th Cir. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Scheuer v. Rhodes*,
 416 U.S. 232, 94 S.Ct. 1683 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stripling v. Jordan Production Company*,
 234 F.3d 863 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Swierkiewicz v. Sorema N.A.*,
 534 U.S. 506, 122 S. Ct. 992 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 14

*Statutes*

15 U.S.C. § 1605(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*Rules*

12 C.F.R. § 226.4(b)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

12 C.F.R. § 226.4(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

12 C.F.R. § 226.4(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

12 C.F.R. § 226.4(d)(1)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

12 C.F.R. § 226.4(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

12 C.F.R. § 226.17(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

12 C.F.R. § 226.18(n) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Fed.R.Civ.P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed.R.Civ.P. 8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8,15

Fed.R.Civ.P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 16

Fed.R.Civ.P. 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7,15, 16

Fed.R.Civ.P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Other*

*Official Staff Commentary on Regulation Z — 4(a)(1)(i)(D)* . . . . . . . . . . . . . . . . . . . . . . 14

*Official Staff Commentary on Regulation Z — 4(d)-13* . . . . . . . . . . . . . . . . . . . . . . . . . 9

## A.    Introduction

1.    In his Complaint filed on April 6, 2006, Plaintiff (hereinafter "Colunga") has alleged that Defendant (hereinafter "Sonic") violated the Truth-in-Lending Act ("TILA") in failing to disclose at least part of the cost of a travel club membership in the finance charge instead of the amount financed, rendering the APR, finance charge and amount financed disclosures inaccurate.   Specifically, Colunga alleged that, as part of a retail installment purchase of an automobile, he also purchased an auto club membership, that the cost of this membership was included in the amount financed, that the auto club membership included a form of credit unemployment insurance, that this insurance only had value to a consumer purchasing a vehicle on credit, that this auto club membership was purchased as an incident to the extension of credit, that there were no disclosures about the credit unemployment insurance in the retail installment contract and that the travel club was not authorized to sell credit unemployment insurance.   Likewise, Colunga alleged in his complaint that Sonic failed to make a number of disclosures related to the credit unemployment insurance benefit required by the Texas Finance Code but failed to do so.

2.     On May 26, 2006, Sonic filed a Rule 12(b)(6) Motion to Dismiss or, Alternatively, for More Definite Statement, asserting that Colunga's complaint fails to state any claim, or, alternatively, that more facts to support the claims should be pled.   Colunga asserts that there is no basis for dismissal of either of his claims based on this motion nor for any order to compel more definite pleading.

## B.    Statement of Issues and Applicable Standard of Review

3.    The first issue is whether Colunga has failed to state claims under TILA and the

Texas Finance Code for purposes of Rules 8(a) and 12(b)(6).   The "standard of review under Rule 12(b)(6) has been summarized as follows: 'the question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief . . . .'"   *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).   See section B.1. below for more detail.   The second issue is whether Sonic is entitled to an order for a more definite statement under Rule 12(e).

The standard of review for motions for more definite statement under Rule 12(e) is whether the plaintiff has pleaded his claims so vaguely and ambiguously that Sonic cannot reasonably be required to frame a responsive pleading.   *Home & Nature Inc. v. Sherman Specialty Company, Inc.*, 322 F.Supp.2d 260, 264-265 (E.D.N.Y. 2004).

## C.    Summary of Argument

4.    Plaintiff has stated a cause of action for TILA violations in two ways.   First, Colunga has alleged that the cost of the credit unemployment insurance provided as a part of the auto club fee ordinarily is included in the finance charge, that the disclosures which can be given to obtain exclusion from the finance charge were not properly given, and that, therefore, the failure to include the cost of the insurance in the finance charge rendered the APR, finance charge and amount financed figures inaccurate.   Second, Colunga has alleged that the entire auto club membership fee was an incident of the extension of credit and that, in support thereof, he further alleged that the insurance coverage had no value to a cash customer, despite being a significant portion of the services provided by the auto club.

5.    Plaintiff has also stated a cause of action for violation of the Texas Finance Code,

even though his complaint failed to state the particular details necessary to recover statutory damages, as the complaint provides sufficient factual detail to give fair notice of the nature of the Plaintiff's claim.

6.    Defendant is not entitled to an order compelling a more definite statement, because the complaint is not so vague, ambiguous or unintelligible that Defendant cannot reasonably be expected to frame a response.    Also, if the complaint meets the liberal pleading standard of Rule 8(a), there is no basis for compelling a more definite statement under Rule 12(e).

## D.    Argument

### 1.    Rule 12(b)(6): Plaintiff has properly alleged claims under TILA and the Texas Finance Code.

7.    Sonic asserts that Colunga has failed to state causes of action for violation of TILA and the Texas Finance Code.    Colunga responds that his complaint does adequately plead causes of action under both statutory schemes.

#### a.    Legal basis for dismissal under Rule 12(b)(6)

8.    In reviewing the sufficiency of a complaint under Rule 12(b)(6), the district court's task is limited.    *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L.Ed.2d 90, 94 S.Ct. 1683 (1974).   The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.    *Id.*   The district court must construe the complaint in the light most favorable to the plaintiff, accept all facts pleaded in the complaint as true and draw all reasonable inferences in the plaintiff's favor.    *Hermann Holdings Ltd. v. Lucent Technologies*, 302 F.3d 552, 557-558 (5th Cir. 2002).   Dismissal is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957); *Stripling v. Jordan Production Company*, 234 F.3d 863, 873 (5th Cir. 2000). Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Moreover, granting such a motion is frequently a precarious disposition with a high mortality rate. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

9.    In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992 (2002), recognized as a seminal pleading case, the Supreme Court reemphasized the extremely liberal pleading standard of the Federal Rules of Civil Procedure, noting that a dismissal of claims is only appropriate in the rarest circumstances:

> Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' [citing Hishon v. King & Spalding 467 U.S. 69, 73 (1984)]. If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim. *Id.* at 514.

This simplified standard for pleading applies to all civil actions, and, except when Rule 9(b) applies, it means a plaintiff is not required to plead facts supporting each and every element of his claim or legal theory as long as the complaint gives fair notice of the nature of the Plaintiff's claim. *Id.* at 511-513. In applying *Swierkiewicz* and Rule 8(a), the Fifth Circuit recently recognized that Rule 8(a) only imposes "minimal requirements" upon a pleading plaintiff and that Form 9 attached to the rules demonstrates "the low bar that rule

8(a)'s notice pleading standard sets out."   *General Electric Capital Corporation v. Posey*, 415 F.3d 391, 396-397 (5th Cir. 2005).   Indeed, the Fifth Circuit even recognized that "the mere fact that allegations can be characterized as 'conclusional' will not, alone, suffice to make them insufficient," *id.* at 397 n.6, and that "parsing all of the allegations into elements has never been required," *id.* at 396 n. 5.

      **b.**    **Colunga has properly alleged violations of TILA.**

10.    In paragraph 4 of its motion, Sonic asserts that the allegation in the complaint that the premium for the auto club membership was incorrectly included in the "amount financed" was made "[w]ithout explanation."   In paragraphs 7 and 8 of its motion, Sonic then appears to allege that, to state a TILA disclosure violation with regard to the auto club membership, it is necessary to state specifically that Colunga "was required to purchase the membership [or] that it was not offered to cash buyers . . . ," citing to *Alston v. Crown Auto, Inc.*, 224 F.3d 332, 334 (4th Cir. 2000) for the proposition that "[a] processing fee payable in cash and credit transactions [is] <u>not</u> a finance charge."   Finally, Sonic cites to a section of the Official Staff Commentary (which states that an auto club membership offered to or required of both cash or credit customers for the same price is not a finance charge) for the proposition that an auto club "membership [fee] was not a finance charge, and no facts were alleged to make it one."   Underlying the entire motion is an implicit argument that the auto club membership fee cannot be treated as a finance charge unless Colunga pleads that he was required to purchase the product or that the product was not even offered to cash customers.   Colunga responds that Sonic has simply misconstrued his complaint, that he has properly pled a TILA claim and that the motion to dismiss the

TILA claim should be dismissed.

11.    First, Sonic misconstrues the nature of Colunga's complaint.  Specifically, Colunga has alleged that he was sold a form of credit unemployment insurance in the auto club membership, that this type of product only has value to a credit consumer, that there were no disclosures regarding this insurance benefit in the retail installment contract and that auto clubs are not authorized to sell credit unemployment insurance.   In short, these allegations assert merely that a component of the auto club membership is a "finance charge" and should not have been included in the "amount financed."   Sonic's motion to dismiss misses this point entirely.

12.    Under 15 U.S.C. § 1605(b), charges for credit insurance are included in the "finance charge" *unless* certain disclosures are made.   Under Regulation Z, charges for credit insurance, including "loss-of-income insurance,"[1] are included in the finance charge, 12 C.F.R. § 226.4(b)(7), but they can be excluded under 12 C.F.R. § 226.4(d)(1) if the following conditions, in pertinent part, are met:

> (i)    The insurance coverage is not required by the creditor, and this fact is disclosed in writing.
> (ii)    The premium for the initial term of the insurance coverage is disclosed. . . .
> (iii)    The consumer signs or initials an affirmative written request for the insurance after receiving the disclosures specified in this paragraph. . . . . *Id.*

Under 12 C.F.R. § 226.18(n), the creditor must disclose "[t]he items required by section

---

[1] Loss-of-income insurance referred to in 12 C.F.R. § 226.4(d) "includes involuntary unemployment insurance, which provides that some or all of the consumer's payments will be made if the consumer becomes unemployed involuntarily."   *Official Staff Commentary on Regulation Z — 4(d)-13* (a copy of which is attached as Exhibit A).   The "INVOLUNTARY UNEMPLOYMENT BENEFIT" set forth in section F. of the auto club membership application meets this definition.

226.4(d) in order to exclude certain insurance premiums and debt cancellation fees from the finance charge." Under 12 C.F.R. § 226.17(a)(1), the creditor shall make all disclosures required by that subpart for closed-end credit, like the instant transaction, "clearly and conspicuously in writing, in a form that the consumer may keep." That same provision further provides that, while most disclosures should be grouped together and segregated from everything else, disclosures about insurance required by section 226.18(n) "may be made together or separately from other disclosures . . . ." 12 C.F.R. § 226.17(a)(1) n. 38.

13.    Colunga alleges that he was sold credit unemployment insurance, there was no disclosure in the retail installment contract that the credit unemployment insurance was not required nor is the term of the benefit disclosed in that document and that there is no signed or initialed request for this insurance.    Assuming the disclosures necessary to exclude credit insurance charges from the "finance charge" needed to be made in the retail installment contract with the other Truth-in-Lending disclosures, Colunga has clearly stated a claim that the cost of the insurance was improperly included in the "amount financed" and excluded from the "finance charge." In fact, though, Regulation Z permits the insurance exclusion disclosures to be made apart from the main Truth-in-Lending Disclosures, found in this case in the retail installment contract, so resort to one other document is appropriate.

14.    Sonic refers to the auto club membership application and cites to a statement in the membership application which states that "[t]his program is optional and I am not required to buy it." See paragraph 1 of Sonic's motion to dismiss. To the extent this is an attempt

to demonstrate that the first disclosure required by § 226.4(d)(1) was made, it misses the mark for two reasons.   First, this statement does not state that the specific purchase of credit unemployment "insurance coverage" was optional and that it was not required, and yet that is what the rule requires to obtain exclusion of the cost of the credit insurance from the finance charge.   Second, even if the substance of this disclosure was sufficient to comply with § 226.4(d)(1)(i), this disclosure is not made "clearly and conspicuously" as required by § 226.17(a)(1), as it makes no reference to insurance of any kind and is made in very fine type (apparently 9-point type) that is not as conspicuous as much of the surrounding print on its page.

15.    In a similar case involving a form of property insurance known as ATR or "etch protection" which is also included in the finance charge unless certain disclosures are made, see 15 U.S.C. § 1605(c) and 12 C.F.R. § 226.4(d)(2), an effort by a defendant to rely on disclosures in documents other than the retail installment contract to establish that all of the exclusionary disclosures were made was similarly unsuccessful due to lack of clarity and the inconspicuous nature of the disclosures.   *Lifanda v. Elmhurst Dodge, Inc.*, 237 F.3d 803, 805-809 (7th Cir. 2001).   Specifically, it was recognized that the failure to refer to the product as "insurance," together with the contrasting reference to no purchase of optional insurance coverage or assessments of insurance premiums in the retail installment contract, as here, indicated that the purported exclusionary disclosures regarding ATR were insufficient.   *Id.* at 808.   Similarly, the disclosure of information in a type that was disproportionately small and difficult to read was not a conspicuous disclosure.   *Id.*

16.    Likewise, while Plaintiff only pleaded that the cost of the credit unemployment insurance was not disclosed in the retail installment contract, reference to the auto club membership application offers no assistance to Sonic.    Nowhere in that application attached to Sonic's motion to dismiss is the cost of this insurance product disclosed.  The disclosure of the overall cost of the auto club membership is not enough if part of that fee should be treated as a "finance charge" and the rest can be legally included in the "amount financed."    For example, one court recently recognized that lump sum disclosures of certain fees are not appropriate when a portion of the lump sum should be apportioned to the finance charge and another portion should be allocated to the "amount financed."[2] *Layell v. Home Loan and Investment Bank*, 244 B.R. 345, 348-351 (E.D. Va. 1999). Similarly, even considering the auto club membership application, there is no signed or initialed request for the credit unemployment insurance, as insurance, *after* the other two disclosures were properly made.   As noted in *Lifanda*, an exclusionary disclosure that makes no reference to "insurance" is not an adequately "clear and conspicuous" disclosure that might serve to exclude the product from the "finance charge."   237 F.3d at 808.

17.    To the extent that the fee at issue is a form of insurance to be included in the "finance charge" unless excluded through the proper disclosure of certain terms, *Lifanda* also teaches that the plaintiff need not plead and prove that the fee was an "incident to the extension of credit."   *Id.* at 808-809.   In short, the Seventh Circuit recognized that proof

---

[2] The amount of the auto club membership fee which should be apportioned to credit insurance could be substantial if merely the proportion of the total language in the application devoted to the involuntary unemployment benefit is considered, as no less than 2 of the 5 pages of the application are devoted exclusively to this benefit.

that a fee was "incident to the extension of credit" was not necessary when TILA specifically held that the fee was to be included in the "finance charge." *Id.* Thus, Sonic's argument that Colunga must allege that the credit unemployment insurance was required or that it was not offered to cash customers is simply inapposite.[3]

18.     Even if Sonic's underlying premise is treated *arguendo* as correct, Colunga has properly pleaded his TILA claim.    Specifically, Colunga has alleged generally that "[t]he charge for the auto club membership . . . was imposed directly or indirectly by Defendant as an incident to the extension of credit" and, more specifically and in support of that allegation, that the credit insurance component of the auto club membership "is only valuable to a consumer if he or she is purchasing an automobile for credit."    See paragraphs 12 and 7 respectively of Colunga's complaint.   In other words, Colunga has generally alleged that the auto club membership fee was "incident to the extension of credit" and supported this assertion with the allegation that the product contained a product *only* of benefit to credit consumers.   Under the liberal notice pleading standards of Rule 8(a), this should be more than enough, as it is similar to the proper allegation that an act was negligent which is permissible in Form 9.

19.     While the Fourth Circuit did conclude that a processing fee imposed upon both cash and credit consumers was not a finance charge, the underlying district court reached that

---

[3] Likewise, Sonic's reference to a portion of the Official Staff Commentary finding that auto club membership fees need not be included in the finance charge when "offered to or required of both cash and credit customers for the same price" is inapposite.   Simply put, the complaint specifically addresses the charge for credit unemployment insurance, not merely an auto club membership, and insurance fees are treated differently.

conclusion by way of a summary judgment, presumably after discovery.  *Alston v. Crown Auto, Inc.*, 224 F.3d at 334.   *Alston* does not stand for the proposition that a plaintiff alleging a TILA violation related to the exclusion of a fee from the "finance charge" must always plead, under Rule 8(a), specific facts demonstrating that the fee was not offered to cash customers as well as credit customers or that the fee was for a required product.

20.     Moreover, even if the entire auto club membership fee is at issue, Colunga has pleaded sufficient facts, see previous paragraph, and should be entitled to conduct discovery as to whether the auto club membership fees were "offered to or required of both cash and credit customers for the same price," as expected by the *Official Staff Commentary on Regulation Z – 4(a)(1)(i)(D)*(a copy of which is attached) cited by Sonic. If necessary to sustain his claim, Colunga will allege in an amended complaint with leave of the Court that, even if the auto club membership was offered to cash customers, it was not offered to cash and credit consumers at the same price.

### c.     Colunga has properly pleaded violations of the Texas Finance Code.

21.     In paragraphs 11-13 of its motion to dismiss, Sonic asserts that the Texas Finance Code disclosure violations should be dismissed, because Colunga has not specifically pleaded that he suffered "actual economic loss" or that the violations were material and induced him to enter into a transaction in which he would not have entered.   Applying *Swierkiewicz*, Colunga submits that such specificity is *not* required, as the Supreme Court recognized that a plaintiff is not required to plead facts supporting each and every element of his claim or legal theory as long as the complaint gives fair notice of the nature of the Plaintiff's claim.   534 U.S. at 511-513.   Sonic appears to fully comprehend that Colunga

is asserting in this claim that Sonic failed to make disclosures in the retail installment contract with regard to the credit unemployment insurance, as it makes no other complaint regarding the manner in which this claim is pled.

### 2.    Sonic is not entitled to a more definite statement under Rule 12(e).

22.    In paragraph 15 of its motion, Sonic moves alternatively for a more definite statement under Rule 12(e), asserting that Colunga's pleading of his claims is "vague and unintelligible."    "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," Rule 12(e) permits the responding party to "move for a more definite statement before interposing a responsive pleading."   In making such a motion, the moving party must "point out the defects complained of and the details desired."   *Id.*   Nevertheless, "[i]n view of the great liberality of Fed.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate the policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).   In other words, a Rule 12(e) motion should be denied if a complaint comports with the liberal pleading requirements of Rule 8(a).   *Home & Nature, Inc.*, 322 F.Supp.2d at 265.   Frankly, Colunga submits that there is nothing which would preclude Sonic from admitting or denying the facts set forth in his complaint.   If Sonic believes that it neither violated TILA nor the Texas Finance Code, it can so state and the issues would be drawn.    In short, if it is not appropriate to require evidentiary detail in the complaint under Rule 8(a), such detail is not necessary to frame a response.   *Mitchell*, 269 F.2d at 132-133.

**E.    Summary**

(1)    Sonic's motion to dismiss under Rule 12(b)(6) should be denied.

    (a)    Colunga has properly alleged a violation of TILA, because he has alleged that Sonic sold credit unemployment insurance without giving the disclosures necessary to exclude its cost from the finance charge.   Likewise, Colunga has properly alleged that the auto club membership was sold as an "incident to the extension of credit."

    (b)    Colunga has properly pled violations of the Texas Finance Code and is not required to plead the specific elements necessary for relief under the notice pleading standard of Rule 8(a).

(2)    Sonic's alternative motion for a more definite statement under Rule 12(e) should be denied.   Sonic is not entitled to relief under Rule 12(e), as Colunga's pleadings are not so vague and ambiguous that Sonic cannot frame a response.

      **WHEREFORE,** Plaintiff respectfully prays that this Court deny Defendant's Motion to Dismiss and its alternative Motion for More Definite Statement.   Plaintiff further prays for such other and further relief to which he may be entitled, including leave to amend.

Respectfully submitted,


/s/ Richard Tomlinson
Richard Tomlinson
State Bar No. 20123500
1 Greenway Plaza, Suite 325
Houston, Texas 77046
(713) 627-2100
Fax: (713) 627-2101

ATTORNEY FOR PLAINTIFF


# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been

forwarded to opposing counsel electronically or via First Class, U.S. Mail, on this the 3rd

day of July, 2006 as follows:

C. Ed Harrell
Hughes, Watters & Askanase, L.L.P.
333 Clay, 29th Floor
Houston, Texas 77002


/s/ Richard Tomlinson
Richard Tomlinson