IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS COLUNGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1151 |
| | § | |
| SONIC AUTOMOTIVE - 3401 MAIN, | § | |
| TX, L.P., d/b/a/ RON CRAFT | § | |
| CHEVROLET-CADILLAC-OLDSMOBILE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Thomas Colunga, filed this action against defendant, Sonic Automotive - 3401 Main, TX, L.P., d/b/a Ron Craft Chevrolet ("Sonic Automotive"), alleging violations of the Truth in Lending Act and the Texas Finance Code. Pending before the court are Sonic Automotive's Rule 12(b)(6) Motion to Dismiss or, Alternatively, for More Definite Statement (Docket Entry No. 5), and Plaintiff's Opposition to Defendant's Motion to Dismiss (Docket Entry No. 9). For the reasons explained below, Defendant's Motion to Dismiss will be denied in part and granted in part and Defendant's Alternative Motion for More Definite Statement will be denied.

**I. Factual Allegations**

Plaintiff's Original Complaint alleges the following. Colunga purchased a 1999 Cadillac Deville from Sonic Automotive on

January 11, 2006.  To purchase the Deville, Colunga entered into a retail installment sales contract ("RISC").  The cash price of the Deville was $9,801.44, but Colunga financed the vehicle, incurring additional finance charges.

In addition to the Deville, Colunga also purchased three other products:  (1) a five-year VIN etch or "Etchpro" program for $199.00, (2) an Easy Care 12-month/12,000 mile extended warranty service contract for $1,245.00, and (3) a 36-month membership in the Road America auto club ("Auto Club Membership") for $525.00.[1]  One of the benefits of the Auto Club Membership is an involuntary unemployment benefit, which provides up to six payments to Colunga if he loses his job "due solely to economic conditions" and receives unemployment benefits.

Colunga alleges that Sonic Automotive violated section 1638(a)(2) through (a)(4) of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., by incorrectly including the entire fee for the Auto Club Membership, which includes the involuntary unemployment benefit, in the amount financed when it should have been included as a finance charge.  Colunga also alleges that Sonic Automotive violated section 348.204(b) of the Texas Finance Code by failing to disclose in writing that the charge for the involuntary

---

[1]The auto club membership is offered by Brickell Financial Services Motor Club, Inc., doing business as Road America Motor Club ("Brickell").  Brickell is licensed in Texas as an "automobile club" under the Automobile Club Services Act.  Tex. Transp. Code Ann. § 722.001, et seq.

employment benefit was not fixed or approved by the Commissioner of Insurance, and sections 348.209(b) and (c) of the Texas Finance Code, by failing to disclose in the retail installment contract that the credit unemployment insurance was optional, and by failing to identify the type of coverage and the amount of the premium for coverage in the RISC.

## II. Legal Standard

Defendants move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id. "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 998 (2002) (quoting Hishon v. King & Spalding, 104 S.Ct. 2229, 2232 (1984)).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Id. at 997 (quoting Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974)). While dismissal of a claim under Rule 12(b)(6) is generally disfavored, the court should exercise its power to dismiss a complaint if it lacks an allegation regarding an element required to obtain relief. Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995) (citations omitted).

Defendants move in the alternative for a more definitive statement under Federal Rule of Civil Procedure 12(e). A pleading may fail to state a claim upon which relief may be granted for one of two reasons. First, the law may simply not afford relief on the basis of the facts alleged in the complaint. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990). Second, regardless of whether the plaintiff is entitled to relief, the pleadings may be so poorly formulated that the plaintiff is not entitled to a trial on the merits. Id. If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definitive statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Swierkiewicz, 122 S.Ct. at 998. A complaint containing a "bare bones" allegation that a wrong occurred that does not plead any of the facts giving rise to the injury does not provide adequate notice to allow a responsive pleading to be framed. Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).

### III. <u>Analysis</u>

**A.    TILA**

TILA requires a creditor to disclose to a borrower several items in a credit transaction including the "amount financed," the "finance charge," and the "annual percentage rate."  15 U.S.C. § 1638(a).  Colunga's Original Complaint alleges that Sonic Automotive violated sections 1638(a)(2) through (4) of TILA by incorrectly including the entire fee for the Auto Club Membership in the amount financed instead of including it as part of the finance charge.  Sonic Automotive argues that Colunga has failed to allege sufficient facts to establish that the Auto Club Membership fee was a finance charge, and it therefore cannot serve as the basis for the TILA cause of action.

TILA defines a finance charge as "the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit.  The finance charge does not include charges of a type payable in a comparable cash transaction."  15 U.S.C. § 1605(a).  Sonic Automotive argues that an auto club membership is excluded from the definition of a finance charge if it was offered to or required of both cash and credit customers at the same price.  Sonic Automotive cites the Official Staff Interpretations of Truth in Lending Act (Regulation Z) as support.

-5-

Regulation Z implements the Federal Truth in Lending Act. 12 C.F.R. § 226.1(a). The Official Staff Interpretations of Regulation Z give as examples of items that are not finance charges the following: "[c]harges for service policy, auto club membership, or policy of insurance against latent defects offered to or required of both cash and credit customers for the same price." Regulation Z, Official Staff Interpretations, 12 C.F.R. pt. 226.4(a) (Definition), Supp. I (2006).

Sonic Automotive argues that Colunga has failed to plead that the Auto Club Membership was not offered to cash buyers. While true, this is an incomplete reading of Colunga's allegations. Plaintiff's Original Complaint alleges that the involuntary unemployment coverage portion of the Auto Club Membership "is only valuable to a consumer if he or she is purchasing an automobile for credit."[2] The Auto Club Membership purchased by Colunga entitles the member to the involuntary unemployment coverage, legal defense reimbursement, custom trip routing, a $1,000.00 car theft reward, and security credit card registration.[3] Although the other four benefits apply equally to cash or credit buyers, the involuntary unemployment coverage would benefit only credit customers because

---

[2]Plaintiff's Original Complaint, Docket Entry No. 1, p. 3.

[3]Generally, a district court must limit itself to the contents of the pleadings and attachments thereto in considering a motion to dismiss under Rule 12(b)(6). Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). However, the court may properly consider materials attached to a defendant's motion to dismiss if they are referred to in the plaintiff's complaint and are central to his claim. Id. at 498-99. The Road America Membership Application meets both criteria.

the benefit itself is a payment, subject to certain terms and conditions, of the monthly payment for the car purchased under the RISC.[4]  It is difficult to discern why a cash customer would purchase an Auto Club Membership when one of the major benefits, the involuntary unemployment benefit, would not apply to the cash customer.  Plaintiff's Original Complaint, when viewed in the most favorable light, raises an inference that the Auto Club Membership would not be offered or purchased by a customer paying cash.

Sonic Automotive also argues that the Auto Club Membership does not qualify as a finance charge under TILA because Colunga does not allege facts sufficient to establish that it was "imposed directly or indirectly by the creditor as an incident to the extension of credit."  15 U.S.C. § 1605(a).  Plaintiff's Original Complaint alleges that the charge for the Auto Club Membership "was imposed directly or indirectly by Defendant as an incident to the extension of credit."[5]  But Sonic Automotive has attached the Road America Membership Application, signed by Colunga, which explicitly states that "[t]his program is optional and I am not required to buy it."[6]

---

[4]Road America Membership Application, Exhibit B to Sonic Automotive's Rule 12(b)(6) Motion to Dismiss or, Alternatively, for More Definite Statement, Docket Entry No. 5.

[5]Plaintiff's Original Complaint, Docket Entry No. 1, p. 5.

[6]Road America Membership Application, Exhibit B to Sonic Automotive's Rule 12(b)(6) Motion to Dismiss or, Alternatively, for More Definite Statement, Docket Entry No. 5.

Colunga responds that the definition of finance charge indicates that the Auto Club Membership may qualify as a finance charge even if not required by Sonic Automotive for the purchase of the Deville. In its definition of finance charge TILA gives several examples, including a "[p]remium or other charge for any guarantee or insurance protecting the creditor against the obligor's default or other credit loss." 16 U.S.C. § 1605(a)(5). The definition of finance charge also specifically includes charges or premiums for credit life, accident, or health insurance. 15 U.S.C. § 1605(b).

Regulation Z states that finance charges include "[p]remiums or other charges for credit life, accident, health, or *loss of income insurance*, written in connection with a credit transaction." 12 C.F.R. § 226.4(b)(7) (emphasis added). The involuntary unemployment coverage portion of the Auto Club Membership is loss of income insurance because it protects the creditor, Sonic Automotive, against the borrower's loss of income due to job loss for economic reasons. See Regulation Z, Official Staff Interpretations, 12 C.F.R. pt. 226.4(d) (Insurance and debt cancellation coverage) (13), Supp. I (2006) ("The loss of income insurance mentioned in § 226.4(d) includes involuntary unemployment insurance, which provides that some or all of consumer's payments will be made if the consumer becomes unemployed involuntarily."). Colunga must thus establish, pursuant to 15 U.S.C. § 1605(a), that

-8-

the Auto Club Membership fee was imposed as an incident to the extension of credit.

The important question in determining whether the purchase of the Auto Club Membership was an incident to the extension of credit is whether Sonic Automotive refused to extend credit unless Colunga agreed to the charge. See <u>First Acadiana Bank v. Federal Deposit Ins. Corp.</u>, 833 F.2d 548, 550 (5th Cir. 1987). Although the Road America Membership Application states that the program is optional, Colunga's allegation that the Auto Club Membership "was imposed directly or indirectly by Defendant as an incident to the extension of credit" refutes this contention. At this stage in the litigation, the court accepts all factual allegations in the plaintiff's complaint as true. <u>Ramming</u>, 281 F.3d at 161.[7]

The court thus concludes that Colunga has alleged sufficient facts to create a legally cognizable claim that the involuntary unemployment benefit portion of the Auto Club Membership was a finance charge. Sonic Automotive's Rule 12(b)(6) Motion to Dismiss Colunga's TILA claim or, Alternatively, for More Definite Statement will therefore be denied.

---

[7]A creditor can exclude insurance coverage such as loss of income insurance from the finance charge if the transaction meets certain conditions. 12 C.F.R. § 226.4(d). Plaintiff's Original Complaint contains allegations targeted toward establishing that Sonic Automotive did not properly exclude the Auto Club Membership from the finance charge. Plaintiff's Original Complaint, Docket Entry No. 1, p. 3. Because Sonic Automotive does not argue exclusion, the court need not address this issue.

## B.     Texas Finance Code

Colunga's Original Complaint alleges violations of the Texas Finance Code section 348.204(b) and sections 348.209(b)-(c).[8] Section 349.003 of Texas Finance Code entitles an obligor plaintiff to damages from a person who violates section 348.204 or 348.209, provided that the obligor establishes: (1) an actual economic loss or (2) a material violation that induced the obligor to enter into a transaction that the obligor would not have entered into if the violation had not occurred.  Tex. Fin. Code Ann. § 349.003(a).  An obligor plaintiff may only recover reasonable attorney's fees from a defendant found liable under Subsection (a) of section 349.003.

Sonic Automotive argues that Colunga has not stated a claim for damages under section 349.003 because he has not pleaded either an actual economic loss or that the violation was material and induced him to enter into the transaction.  The court agrees. Colunga alleges no loss from Sonic Automotive's violations of the Texas Finance Code and does not allege that Sonic Automotive's violations affected his decision to purchase the Deville in any manner. Nor does Colunga allege any facts from which such allegations could be inferred.  Without any allegations to support economic loss or inducement, Colunga has failed to establish a legally cognizable claim for damages under the Texas Finance Code.[9]

---

[8] Plaintiff's Original Complaint, Docket Entry No. 1, pp. 5-6.

[9] Because the court will dismiss Colunga's Texas Finance Code causes of action under Rule 12(b)(6), Defendant's Motion for a More Definite Statement is moot.

## C.  Leave to Amend

Plaintiff has requested leave to amend his complaint.[10]  The court will grant Colunga leave to amend in order to properly plead damages under section 349.003 of the Texas Finance Code.  Plaintiff will be afforded twenty days from the entry of this Memorandum Opinion and Order to file an amended complaint.  If defendant believes that plaintiff has still not stated a legally cognizable claim, it may file a properly supported motion for summary judgment following discovery.

## IV.  Conclusions and Order

For the foregoing reasons, Sonic Automotive's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 5) is **DENIED** with respect to plaintiff's Truth in Lending Act causes of action, but **GRANTED** with respect to plaintiff's Texas Finance Code causes of action.  Sonic Automotive's Alternative Motion for More Definite Statement (Docket Entry No. 5) is **DENIED**.  Plaintiff has twenty days from the entry of this Memorandum Opinion and Order to file an amended complaint remedying the defects enumerated herein.

**SIGNED** at Houston, Texas, on this 11th day of July, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[10]Plaintiff's Opposition to Defendant's Motion to Dismiss, Docket Entry No. 9, p. 16.