IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS COLUNGA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:06-cv-01151 |
| | § | |
| SONIC AUTOMOTIVE - 3401 MAIN, | § | JURY |
| TX, L.P., dba RON CRAFT | § | |
| CHEVROLET-CADILLAC- | § | |
| OLDSMOBILE, | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Thomas Colunga ("Colunga"), Plaintiff in the above-numbered and styled case, complaining of and against Defendant Sonic Automotive - 3401 Main, Tx, L.P., dba Ron Craft Chevrolet-Cadillac-Oldsmobile ("Ron Craft"), and for cause of action would respectfully state the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for statutory damages, attorneys' fees and costs against Defendant Ron Craft for violating the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and Chapter 348 of the Texas Finance Code in the retail installment sale of an automobile.

**JURISDICTION**

2. This Court has jurisdiction over the TILA claim in this proceeding under 15 U.S.C. § 1640(e), and supplemental jurisdiction exists for the state law claims pursuant to 28

U.S.C. § 1367.

## PARTIES AND NOTICE

3. Plaintiff is an individual who is a citizen of the State of Texas, residing in Baytown, Texas.

4. Defendant, Sonic Automotive - 3401 Main, Tx, L.P., dba Ron Craft Chevrolet-Cadillac-Oldsmobile, is a Texas limited partnership and may be served through its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

## FACTUAL ALLEGATIONS

5. In January of 2006, Colunga went to the premises of Ron Craft located at 4114 I-10 East, Baytown, Texas 77521 in search of a vehicle to purchase. On January 11, 2006, he agreed to purchase a 1999 Cadillac Deville ("Deville"). To complete the transaction, he made a $1,200 cash downpayment and signed a number of documents, including a retail installment sales contract ("RISC").

6. According to the RISC dated January 11, 2006, the total cash price, including taxes and one fee, was $9,801.44. After application of the cash downpayment, the RISC disclosed that the amount financed was $10,519.56, the APR was 25.98%, the finance charge was $4,734.36 and the total sale price was $16,453.92. In addition, the RISC disclosed that Colunga was required to make 36 monthly payments of $423.72, commencing February 10, 2006.

7. In addition to purchasing the Deville, Colunga also purchased three additional products: (a) a 5-year VIN etch or "Etchpro" program for $199.00, (b) an Easy Care 12-month/12,000 mile extended warranty service contract for $1,245.00, and (c) a 36-month

membership in the Road America auto club for $525.00. At the time of sale, Colunga was given a copy of his Road America membership application which described the benefits that he would receive from this auto club. One of the benefits offered by this auto club membership is an "INVOLUNTARY UNEMPLOYMENT BENEFIT." Under the rubric of this benefit, Road America basically promises to make up to 6 payments under the RISC if Colunga loses his job "due solely to economic conditions" and he receives unemployment compensation benefits. This particular benefit of the auto club membership is only valuable to a consumer if he or she is purchasing an automobile for credit.

8. There is no disclosure in the RISC that this credit unemployment insurance benefit afforded by Road America is not required by Defendant, nor is the term of this "benefit" disclosed in the RISC. Likewise, there is no signed or initialed request for this credit unemployment insurance in the RISC.

9. The Road America auto club membership is offered by Brickell Financial Services Motor Club, Inc., dba Road America Motor Club (hereinafter "Brickell"). Brickell is licensed in Texas as an "automobile club" under the Automobile Club Services Act, Tex. Transp. Code § 722.001 et seq.

10. Under the Automobile Club Services Act, Brickell, as a licensee, is permitted to engage in a number of services, including the provision of bail bonds, legal fee reimbursement, and accidental injury and death benefits. That act further prohibits licensed auto clubs, like Brickell, from advertising or representing that its services include automobile insurance. Under Tex. Ins. Code art. 21.80, auto clubs such as Brickell may only provide insurance services as provided in that article, permits licensed auto clubs to

provide accidental injury and death insurance through a group policy, and authorizes licensed auto clubs to sell insurance products as long as it is licensed as an insurance agent. In short, Brickell, as a licensed auto club, is not authorized to offer a credit unemployment insurance benefit.

11. While automobile dealers are permitted to offer credit unemployment insurance in retail installment contracts under Tex. Fin. Code § 348.202(b), a number of disclosures must be given, including (a) a statement as to whether the insurance was sold or obtained at a premium that is not fixed or approved by the Commissioner of Insurance, (b) identification of the type of coverage, term of the coverage and amount of the premium in the retail installment contract, and (c) an indication in the retail installment contract that the coverage is optional. Here, the unemployment benefit is, in substance, credit unemployment insurance, and the disclosure requirements of Chapter 348 of the Texas Finance Code are therefore applicable. None of the required disclosures were made by Defendant. First, upon information and belief, the credit unemployment insurance was sold to Colunga at a premium that was not fixed or approved by the Commissioner of Insurance; and Colunga never received any disclosure regarding the fact that the premium was not fixed or approved by the Commissioner of Insurance. Second, the retail installment contract does not disclose the type of coverage, the term of the coverage, the amount of the premium for the coverage, and the optional nature of the coverage. Had Colunga known of the amount of the premium and the optional nature of the coverage, he would have refused to purchase the product.

## CAUSE OF ACTION FOR VIOLATION OF TRUTH-IN-LENDING ACT

12. Defendant Ron Craft is a "creditor" as that term is defined in 15 U.S.C. § 1602(f) and 12 C.F.R. § 226.2(17). The charge for the auto club membership, payable by Plaintiff, was imposed directly or indirectly by Defendant as an incident to the extension of credit.

13. Defendant has violated 15 U.S.C. § 1638(a)(2)-(4) by inaccurately disclosing the APR, the amount of the finance charge and the amount financed. These inaccurate disclosures resulted from incorrect inclusion of the entire fee for the auto club membership in the amount financed. Treating the auto club membership fee as a finance charge, the actual amount financed was $9,994.56 (not the sum of $10,519.56 disclosed in the RISC), the actual finance charge was $5,259.36 (not the sum of $4,734.36 disclosed in the RISC) and the actual "annual percentage rate" or APR was 29.966% (not the 25.98% disclosed in the RISC).

14. As such, Defendant is liable to Plaintiff for a penalty of twice the finance charge, not to exceed $1,000, under 15 U.S.C. § 1640(a)(2)(A)(i), and attorney's fees and costs under 15 U.S.C. § 1640(a)(3).

## CAUSE OF ACTION FOR VIOLATION OF TEXAS FINANCE CODE

15. Defendant is a "retail seller" and "holder" as those terms are defined in Tex. Fin. Code § 348.001(3) and (8), and thereby subject to the requirements of Chapter 348 of the Texas Finance Code.

16. Upon information and belief, Plaintiff asserts that Defendant has violated Tex. Fin. Code § 348.204(b) by failing to disclose in writing that the charge for the credit

unemployment insurance was not fixed or approved by the Commissioner of Insurance.

17. With regard to the credit unemployment insurance, Defendant has violated Tex. Fin. Code § 348.209(b) by failing to identify the type of coverage, the term of the coverage and the amount of the premium for the coverage in the retail installment contract. Also, Defendant has violated Tex. Fin. Code § 348.209(c) by failing to disclose in the retail installment contract that the credit unemployment insurance coverage was optional.

18. Since Plaintiff would not have purchased the credit unemployment insurance if he had known of its price and optional nature, Plaintiff is entitled to recover a penalty under Tex. Fin. Code § 349.003(a) and attorney's fees under Tex. Fin. Code § 349.003(b).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Court enter a judgment in favor of himself against Defendant which awards (i) statutory penalties under 15 U.S.C. § 1640(a)(2)(A)(i) and Tex. Fin. Code § 349.003(a), (ii) reasonable attorney's fees and costs under 15 U.S.C. § 1640(a)(3) and Tex. Fin. Code § 349.003(c), and (iii) such other and further relief to which Plaintiff may be entitled.

        Respectfully submitted,

        /s/ Richard Tomlinson
        Richard Tomlinson
        State Bar No. 20123500
        1 Greenway Plaza, Suite 100
        Houston, Texas 77046
        (713) 627-7747
        Fax: (713) 627-3035

        ATTORNEY-IN-CHARGE FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been forwarded to opposing counsel electronically or via First Class, U.S. Mail, on this the 19th day of July, 2006 as follows:

C. Ed Harrell
Hughes, Watters & Askanase, L.L.P.
333 Clay, 29th Floor
Houston, Texas 77002

/s/ Richard Tomlinson
Richard Tomlinson