IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THOMAS COLUNGA § | |
|    Plaintiff § | |
| § | |
| V. § | C.A. NO.: 4:06-cv-01151 |
| § | |
| SONIC AUTOMOTIVE – 3401 MAIN, § | |
| TX, L.P., d/b/a RON CRAFT § | |
| CHEVROLET-CADILLAC- § | |
| OLDSMOBILE § | |
|    Defendant § | |

## SONIC AUTOMOTIVE'S ANSWER
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

SONIC AUTOMOTIVE – 3401 MAIN, TX, L.P., d/b/a RON CRAFT CHEVROLET-CADILLAC-OLDSMOBILE ("Sonic Automotive") files its Answer to Plaintiff's First Amended Complaint.

1. The allegations of Paragraph 1 are characterizations to which no response is required; if response is required, the allegations are denied.

2. As to Paragraph 2 of the Amended Complaint, jurisdiction is not disputed.

3. The allegations in Paragraph 3 are admitted.

4. The allegations in Paragraph 4 are admitted.

5. The allegations of Paragraph 5 are admitted.

6. As to Paragraph 6, the RISC speaks for itself and properly made requisite disclosures.

1

7. The allegations of the first sentence of Paragraph 7 are admitted. As to the remainder of Paragraph 7, plaintiff requested the auto club membership and the Road America application signed by plaintiff speaks for itself, shows on its face that it was voluntarily purchased by Colunga, and Plaintiff's characterizations of the application or benefits (to the extent response is required) are denied.

8. The allegations of Paragraph 8 are denied, and it is denied that disclosure was required, and it is also denied that the Road America auto club membership is "insurance" or a required disclosure.

9. The allegations of Paragraph 9 are admitted.

10. The allegations of Paragraph 10 are legal characterizations or argument to which no response is required; if response is required, the allegations, if any, are denied.

11. The allegations of the first sentence of Paragraph 11 are legal characterizations or argument to which no response is required; if response is required, the allegations, if any, are denied.

12. As to the allegations of Paragraph 12, it is admitted that Ron Craft is a "creditor"; all other allegations are denied.

13. The allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 are denied.

15. As to the allegations of Paragraph 15, it is admitted that Ron Craft is a retail seller; the other allegations, if any, are denied.

16. The allegations of Paragraph 16 are denied, and it is denied that the Road America auto club membership is "insurance," and further denied that the membership was "required."

17. The allegations of Paragraph 17 are denied, and it is denied that the Road America auto club membership is "insurance."

18. The allegations of Paragraph 18 are denied, and it is denied that the Road America auto club membership is "insurance."

**Affirmative Defenses**

Each of the following defenses are asserted by Sonic Automotive in the alternative:

19. The Amended Complaint fails to state a claim upon which relief can be granted, in whole or part.

20. SONIC AUTOMOTIVE asserts that the terms of some or all contracts bar some or all claims of plaintiff and also bar any attempt to limit or avoid the terms of contracts.

21. SONIC AUTOMOTIVE asserts that the voluntary purchase and acceptance of the contracts estops or bars some or all claims and/or damages of plaintiff.

22. SONIC AUTOMOTIVE asserts that the auto club membership is not a finance charge under TILA.

23. SONIC AUTOMOTIVE asserts that the absence of damages bars relief under TEX. FIN. CODE §349.003(a).

24. SONIC AUTOMOTIVE pleads the statute of frauds.

25. SONIC AUTOMOTIVE asserts the parol evidence rule as a bar to any attempt to alter the terms of contracts by alleged oral statements or representations.

26. SONIC AUTOMOTIVE asserts breach of contract as a bar to at least some of plaintiff's claims.

27. SONIC AUTOMOTIVE asserts the approval of the Road America auto club membership which was obtained by Brickell.

28.     SONIC AUTOMOTIVE asserts that some or all of the claims of plaintiff are barred by ratification.

WHEREFORE, Sonic Automotive requests that Plaintiff's action be dismissed; Plaintiff take nothing from Sonic and all claims for relief be denied; Sonic recover its costs and have such other and further relief, general or specific, legal or statutory, or equitable, to which it may be entitled.

Respectfully submitted,

_s/C. Ed Harrell_
C. Ed Harrell
TBN: 09042500
Justin R. Opitz
TBN: 24051140
Hughes, Watters & Askanase, L.L.P.
333 Clay Street, 29th Floor
Houston, Texas 77002
(713) 759-0818 - Telephone
(713) 759-6834 - Facsimile

ATTORNEYS FOR DEFENDANT,
SONIC AUTOMOTIVE – 3401 MAIN, TX,
L.P., d/b/a RON CRAFT CHEVROLET-
CADILLAC-OLDSMOBILE

**OF COUNSEL:**

HUGHES, WATTERS & ASKANASE, L.L.P.
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834

4

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing Motion has been served upon the following counsel of record by the Court's ECF filing system, on this 31st day of July, 2006.

Richard Tomlinson
1 Greenway Plaza., Suite 100
Houston, Texas 77046

                                              *s/C. Ed Harrell*
                                              C. Ed Harrell